FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2014 FEB 11 P 12: 16
CLERK'S OFFICE
AT BALTIMORE
BY___ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARSHALL K. MAINE
    Petitioner,

v.    CIVIL ACTION NO. JKB-14-300

STATE OF MARYLAND
    Respondent.

\*\*\*\*\*

## MEMORANDUM

On January 29, 2014, the court received an incomplete form[1] for filing a petition for habeas corpus relief from Marshall K. Maine (hereinafter referred to as "Maine"), who is currently confined at the Wicomico County Detention Center. Maine seemingly states that his conviction was overturned by the intermediate Maryland appellate court in July of 2013, and he was transferred back to the local county detention facility to await retrial. ECF No. 1.

Affording his petition a generous construction, Maine seemingly complains that his confinement violates the Eighth Amendment's provision against cruel and unusual punishment; his charges were leveled in a biased and prejudicial manner; he has been subject to excessive bail and unnecessary delays in the scheduling of his retrial; and he is being retried and subject to incarceration as punishment by the state. He seeks "relief of incarceration." *Id.* Maine has filed neither the $5.00 habeas filing fee nor an indigency application. He shall not be required to cure this deficiency as his petition shall be summarily dismissed.

---

[1] The first two pages of the petition, which includes the party caption, are missing and the return name on the envelope is for another Wicomico County Detention Center prisoner, David Myron Suire. As a result, the case initially listed Suire as petitioner, although Maine signed the petition. *See* ECF No. 1 at p. 16. The docket shall be corrected to substitute Maine as petitioner.

The Maryland Judiciary Case Search website confirms that on January 23, 2012, an indictment was issued charging Maine with the kidnapping of a child under sixteen, sexual solicitation of a minor, fourth-degree sex offense, second-degree assault, false imprisonment, and attempted third-degree sex offense. *See State v. Maine*, Criminal No. 22K12000051 (Circuit Court for Wicomico County). www.casesearch.courts.state.md.us/inquiry. On or about May 29, 2012, Maine was acquitted of all charges with the exception of sexual solicitation of a minor and attempted third-degree sex offense. He was sentenced to five years on the merged charges. On July 2, 2013, however, the criminal judgment was vacated and remanded for a new trial by the Court of Special Appeals of Maryland. *Id.* (*see* attached docket sheet).

To the extent that Maine seeks federal court intervention in his pending state criminal retrial, his case will be construed as a 28 U.S.C. § 2241 petition for habeas corpus relief and dismissed. In the absence of extraordinary circumstances, a federal court must not interfere with ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 53-54 (1971); *Cinema Blue of Charlotte, Inc., v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989) (district courts should abstain from constitutional challenges to state judicial proceedings if the federal claims have been or could have been presented in an ongoing state judicial proceeding). The abstention doctrine of *Younger* establishes that under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings unless extraordinary circumstances exist. *Younger*, 401 U.S. at 54. Abstention in favor of state judicial proceedings is required if the proceedings are ongoing, implicate important state interests, afford an adequate opportunity to raise the federal questions, and if the federal relief sought would interfere in some manner with the state court litigation. *Middlesex*

*County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Brewsome v. Broward County Pub. Defenders*, 304 F. App'x 814, 816 (11th Cir. 2008) (per curiam) (unpublished). In the pre-trial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial of the merits or by other state procedures available for review of the claim. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973).

Further, pretrial habeas relief is only available if a petitioner has exhausted state court remedies and "special circumstances" justify federal review. *See Dickerson v. Louisiana*, 816 F.2d 220, 226-29 (5th Cir. 1987). While the phrase "special circumstances" lacks any definition, courts have looked to whether procedures exist that would protect a petitioner's constitutional rights without pretrial intervention. *Moore v. De Young*, 515 F.2d 437, 449 (3d Cir. 1975). Where a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstances are shown. *Id.; see also Drayton v. Hayes*, 589 F.2d 117, 121 (2d Cir. 1979) (double jeopardy claim entitled to pretrial habeas intervention since "the very constitutional right claimed ... would be violated" if petitioner were forced to go to trial). Where the right may be adequately preserved by orderly posttrial relief, special circumstances are likewise nonexistent. *Moore*, 515 F.2d at 449.

Maine has raised no exceptional circumstances for interfering with the Wicomico County criminal case at this time. Habeas corpus relief will be denied without prejudice.

When a district court dismisses a petition for habeas corpus solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

3

constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Maine has not made the required showing and no certificate of appealability shall issue. A separate Order will be entered dismissing this action without prejudice.

DATED this __10__ day of February, 2014.

BY THE COURT:

/s/ James K. Bredar

James K. Bredar
United States District Judge

Circuit Court of Maryland

Go Back

## Case Information

Court System: **Circuit Court for Wicomico County - Criminal System**
Case Number: **22K12000051**
Title: **State of Maryland vs Marshall Kevin Maine**
Case Type: **Indictment** Filing Date: **01/23/2012**
Case Status: **Reopened/Active**

## Defendant Information

*(Each Alias, Address, and Attorney for the Defendant is displayed)*
Name: **Maine, Marshall Kevin**
Race: **African American**
Sex: **M** Height: **5'11"** Weight: **210** DOB: **12/25/1964**
Address: **Wicomico County Detention Center**
City: **Salisbury** State: **MD** Zip Code: **21801**

*Attorney(s) for the Defendant*
Name: **McFadden, Esq, Arch**
Appearance Date: **01/30/2012**
Practice Name: **Office Of The Public Defender**
Address: **201 Baptist Street**
City: **Salisbury** State: **MD** Zip Code: **21801**
Name: **Saccenti, Esq, Brian M**
Appearance Date: **07/16/2012**
Practice Name: **Office Of The Public Defender**
Address: **6 St Paul Street**
City: **Baltimore** State: **MD** Zip Code: **21202**

## Court Scheduling Information

Event Type: **Bail review** Notice Date: **01/27/2012**
Event Date: **01/30/2012** Event Time: **09:00 AM**
Result: **Held/Concluded** Result Date: **01/30/2012**

Event Type: **Initial Appearance** Notice Date: **01/27/2012**
Event Date: **01/30/2012** Event Time: **09:00 AM**
Result: **Held/Concluded** Result Date: **01/30/2012**

Event Type: **Initial Appearance** Notice Date:
Event Date: **02/10/2012** Event Time: **09:00 AM**
Result: **Postponed/Reset** Result Date: **01/27/2012**

Event Type: **Criminal Motions** Notice Date: **02/29/2012**
Event Date: **04/13/2012** Event Time: **09:00 AM**
Result: **Held/Concluded** Result Date: **04/13/2012**

Event Type: **Criminal Jury Trial** Notice Date: **02/29/2012**
Event Date: **05/29/2012** Event Time: **09:00 AM**
Result: **Held/Concluded** Result Date: **05/29/2012**

Event Type: **Criminal Motions**  Notice Date: **10/21/2013**
Event Date: **12/13/2013**  Event Time: **09:00 AM**
Result: **Cancelled/Vacated**  Result Date: **12/11/2013**

Event Type: **Criminal Jury Trial**  Notice Date: **10/09/2013**
Event Date: **01/14/2014**  Event Time: **09:00 AM**
Result: **Postponed/Reset**  Result Date: **01/13/2014**

Event Type: **Criminal Jury Trial**  Notice Date: **01/14/2014**
Event Date: **03/18/2014**  Event Time: **09:00 AM**
Result:   Result Date:

## Charge and Disposition Information

*(Each Charge is listed separately. The disposition is listed below the Charge)*

Charge No: **1**  CJIS Code: **4 1005**  Statute Code: **CR.3.503.(a)**
Charge Description: **Kidnap-Child Under 16**
Offense Date From: **06/12/2011**  To:
Arrest Tracking No: **11-7022-00412-0**  Citation:
Charge Amend No: **0**  Sentence Version: **0**  Charge Class: **F**

*Disposition*

Plea:  Plea Date:
Disposition: **Nolle Prosequi**  Disposition Date: **05/29/2012**

Charge No: **2**  CJIS Code: **1 1604**  Statute Code: **CR.3.324**
Charge Description: **Sexual Solicitation Of A Minor**
Offense Date From: **05/01/2011**  To: **06/12/2011**
Arrest Tracking No: **11-7022-00412-0**  Citation:
Charge Amend No: **0**  Sentence Version: **0**  Charge Class: **F**

*Disposition*

Plea: **Not Guilty**  Plea Date: **05/29/2012**
Disposition: **Guilty**  Disposition Date: **05/29/2012**

*Jail*

Life/Death:
Jail Term: Yrs: **5**  Mos: **0**  Days: **0**  Hours: **0**
Suspended Term: Yrs: **0**  Mos: **0**  Days: **0**  Hours: **0**
UnSuspended Term: Yrs: **5**  Mos: **0**  Days: **0**  Hours: **0**
Jail Text: **Court orders Defendant to register as a Tier II Sex Offender.**

*Probation*

Probation: Yrs:  Mos:  Days:  Hours:
Supervised: Yrs: **0**  Mos: **0**  Days: **0**  Hours: **0**
UnSupervised: Yrs: **0**  Mos: **0**  Days: **0**  Hours: **0**

*Fine*

Fine Amt: **0**  Fine Suspended Amt: **0**  Fine Due:  First Pmt Due:

*Community Work Service*

Hours:  Complete By:
Report To:
Report Date:

Charge No: **3**  CJIS Code: **4 3600**  Statute Code: **CR.3.308**

Charge Description: **Sex Offense Fourth Degree**
Offense Date From: **06/12/2011** To:
Arrest Tracking No: **11-7022-00412-0** Citation:
Charge Amend No: **0** Sentence Version: **0** Charge Class: **M**

*Disposition*

Plea: **Not Guilty** Plea Date: **05/29/2012**
Disposition: **Not Guilty** Disposition Date: **05/29/2012**

---

Charge No: **4** CJIS Code: **1 1415** Statute Code: **CR.3.203**
Charge Description: **Assault-Second Degree**
Offense Date From: **06/12/2011** To:
Arrest Tracking No: **11-7022-00412-0** Citation:
Charge Amend No: **0** Sentence Version: **0** Charge Class: **M**

*Disposition*

Plea: **Not Guilty** Plea Date: **05/29/2012**
Disposition: **Not Guilty** Disposition Date: **05/29/2012**

---

Charge No: **5** CJIS Code: **1 0042** Statute Code: **CL**
Charge Description: **False Imprisonment**
Offense Date From: **06/12/2011** To:
Arrest Tracking No: **11-7022-00412-0** Citation:
Charge Amend No: **0** Sentence Version: **0** Charge Class: **M**

*Disposition*

Plea: **Not Guilty** Plea Date: **05/29/2012**
Disposition: **Not Guilty** Disposition Date: **05/29/2012**

---

Charge No: **6** CJIS Code: **3A3600** Statute Code: **CL**
Charge Description: **Att-Sex Offense Third Degree**
Offense Date From: **06/12/2011** To:
Arrest Tracking No: **11-7022-00412-0** Citation:
Charge Amend No: **0** Sentence Version: **0** Charge Class: **M**

*Disposition*

Plea: **Not Guilty** Plea Date: **05/29/2012**
Disposition: **Merged** Disposition Date: **05/29/2012**
Merged Text: **Merges with Count 2 for sentencing.**

## Sentencing Net Totals

Serve Time: Yrs: **5** Mos: **0** Days: **0** Hours: **0**
Probation: Yrs: **0** Mos: **0** Days: **0** Hours: **0**
Fine Amount: **0** Fine Due Date: CWS Hours: **0** Credit Time Served: **350**

## Related Person Information

*(Each Person related to the case other than the Defendant is shown)*
Name: **Avnet, Evan**
Party Type: **Police Officer**
Address: **WICOMICO SHERIFF'S DEPT**
Address: **411 Naylor Mill Road**
City: **SALISBURY** State: **MD** Zip Code: **21801**

Name: **State Of Maryland**
Party Type: **Plaintiff**
City:    State:    Zip Code:

*Attorney(s) for the Related Person*
Name: **Dykes, Esq, Jamie**
Address: **102 Court Street**
City: **Salisbury**  State: **MD**  Zip Code: **21803**

## Document Tracking

*(Each Document listed. Documents are listed in Motion No./Sequence No. order)*

Doc No./Seq No.: **1/0**
 File Date: **01/23/2012**  Entered Date: **01/23/2012**
 Party Type: **Plaintiff**  Party No.: **1**
Document Name: **Attorney Appearance**
 **Jamie Dykes**

Doc No./Seq No.: **3/0**
 File Date: **01/23/2012**  Entered Date: **01/23/2012**
 Party Type: **Plaintiff**  Party No.: **1**
Document Name: **Criminal Indictment**

Doc No./Seq No.: **4/0**
 File Date: **01/23/2012**  Entered Date: **01/23/2012**
 Party Type: **Plaintiff**  Party No.: **1**
Document Name: **State's Disclosure/Request for Discovery**

Doc No./Seq No.: **7/0**
 File Date: **01/23/2012**  Entered Date: **01/23/2012**
 Party Type: **Defendant**  Party No.: **1**
Document Name: **Warrant Issued-Criminal**

Doc No./Seq No.: **8/0**
 File Date: **01/27/2012**  Entered Date: **01/27/2012**
Document Name: **Criminal Assignment Notice**

Doc No./Seq No.: **9/0**
 File Date: **01/27/2012**  Entered Date: **01/27/2012**
Document Name: **Criminal Assignment Notice**

Doc No./Seq No.: **10/0**
 File Date: **01/30/2012**  Entered Date: **01/30/2012**
Document Name: **Sheriff's Return - Warrant Served 01/26/12 (Loose papers to Judge's office)**

Doc No./Seq No.: **12/0**
 File Date: **01/30/2012**  Entered Date: **01/30/2012**

Party Type: **Defendant** Party No.: **1**
Document Name: **Defense Attorney Appearance Filed**
**Arch McFadden**

---

Doc No./Seq No.: **13/0**
File Date: **01/31/2012** Entered Date: **02/01/2012**
Party Type: **Defendant** Party No.: **1**
Document Name: **Defense Attorney Appearance Filed**
**Arch McFadden**

---

Doc No./Seq No.: **14/0**
File Date: **01/31/2012** Entered Date: **02/01/2012**
Party Type: **Defendant** Party No.: **1**
Document Name: **Request for Discovery**

---

Doc No./Seq No.: **15/0**
File Date: **01/31/2012** Entered Date: **02/01/2012**
Party Type: **Defendant** Party No.: **1**
Document Name: **Motion Pursuant to MD rule 4-252**

---

Doc No./Seq No.: **16/0**
File Date: **02/29/2012** Entered Date: **02/29/2012**
Document Name: **Criminal Assignment Notice**

---

Doc No./Seq No.: **17/0**
File Date: **02/29/2012** Entered Date: **02/29/2012**
Document Name: **Criminal Assignment Notice**

---

Doc No./Seq No.: **19/0**
File Date: **04/18/2012** Entered Date: **04/19/2012**
Party Type: **Defendant** Party No.: **1**
Document Name: **Request for Bail Review Hearing**
    **Per Judge KLB, Ordered the motion for bond review is denied. Defendant had a bond review 01/30/12 and motions were scheduled for 04/13/12 and were withdrawn.**

---

Doc No./Seq No.: **20/0**
File Date: **05/24/2012** Entered Date: **05/24/2012**
Party Type: **Plaintiff** Party No.: **1**
Document Name: **Requested Voir Dire and Jury Instructions**

---

Doc No./Seq No.: **22/0**
File Date: **05/29/2012** Entered Date: **05/30/2012**
Party Type: **Defendant** Party No.: **1**
Document Name: **Requested Voir Dire and Jury Instructions**

---

Doc No./Seq No.: **23/0**
File Date: **05/30/2012** Entered Date: **05/30/2012**
Party Type: **Defendant** Party No.: **1**

Document Name: **Commitment Record Issued**

---

Doc No./Seq No.: **24/0**
File Date: **05/30/2012** Entered Date: **05/30/2012**
Party Type: **Defendant** Party No.: **1**
Document Name: **Notice of Appeal**

---

Doc No./Seq No.: **25/0**
File Date: **05/30/2012** Entered Date: **05/30/2012**
Document Name: **Copies of Notice of Appeal and Docket Entries mailed to Appellate Division and Attorney General's Office**

---

Doc No./Seq No.: **27/0**
File Date: **07/11/2012** Entered Date: **07/11/2012**
Document Name: **Letter to Reporter Re: Transcripts (05/29/12)**

---

Doc No./Seq No.: **28/0**
File Date: **07/16/2012** Entered Date: **07/16/2012**
Party Type: **Defendant** Party No.: **1**
Document Name: **Defense Attorney Appearance Filed (for Appeal only) Brian Saccenti**

---

Doc No./Seq No.: **29/0**
File Date: **07/30/2012** Entered Date: **07/30/2012**
Document Name: **Official Transcript of Proceedings - Jury Trial and Sentencing 05/29/12 (Dawson)**

---

Doc No./Seq No.: **30/0**
File Date: **07/30/2012** Entered Date: **07/30/2012**
Document Name: **Original Papers and Docket Entries Mailed Certified to Court of Special Appeals**

---

Doc No./Seq No.: **31/0**
File Date: **08/02/2012** Entered Date: **08/02/2012**
Document Name: **Certified Mail Receipt Received**

---

Doc No./Seq No.: **32/0**
File Date: **08/05/2013** Entered Date: **08/06/2013**
Document Name: **Copy of Mandate Received from Court of Special Appeals**
**Judgment: July 2, 2013: Judgment vacated and remanded for new trial. Costs to be assessed to Wicomico County. Unreported opinion by Thieme, J. August 1, 2013: Mandate issued.**

---

Doc No./Seq No.: **33/0**
File Date: **09/11/2013** Entered Date: **09/12/2013**
Party Type: **Plaintiff** Party No.: **1**
Document Name: **Motion To Transfer Defendant From DOC to Wicomico County Detention Center (09/16/13 - copy of Order faxed to WCDC and WCSO)**

---

Doc No./Seq No.: **34/0**

File Date: **10/03/2013** Entered Date: **10/03/2013**
Document Name: **Mandate Received from Court of Special Appeals**
Judgment: July 2, 2013: Judgment vacated and remanded for a new trial. Costs to be assessed to Wicomico County.
Unreported opinion by Thieme, J.
August 1, 2013: Mandate issued.

---

Doc No./Seq No.: **35/0**
File Date: **10/09/2013** Entered Date: **10/09/2013**
Document Name: **Criminal Assignment Notice**

---

Doc No./Seq No.: **36/0**
File Date: **10/16/2013** Entered Date: **10/17/2013**
Party Type: **Defendant** Party No.: **1**
Document Name: **Defense Attorney Appearance Filed**
**Arch McFadden**

---

Doc No./Seq No.: **37/0**
File Date: **10/16/2013** Entered Date: **10/17/2013**
Party Type: **Defendant** Party No.: **1**
Document Name: **Request for Discovery**

---

Doc No./Seq No.: **38/0**
File Date: **10/16/2013** Entered Date: **10/17/2013**
Party Type: **Defendant** Party No.: **1**
Document Name: **Motion Pursuant to MD rule 4-252**

---

Doc No./Seq No.: **39/0**
File Date: **10/21/2013** Entered Date: **10/21/2013**
Document Name: **Criminal Assignment Notice**

---

Doc No./Seq No.: **40/0**
File Date: **12/10/2013** Entered Date: **12/10/2013**
Party Type: **Defendant** Party No.: **1**
Document Name: **Line Withdrawing Motions**

---

Doc No./Seq No.: **41/0**
File Date: **01/10/2014** Entered Date: **01/13/2014**
Party Type: **Plaintiff** Party No.: **1**
Document Name: **Motion for Postponement**

---

Doc No./Seq No.: **42/0**
File Date: **01/14/2014** Entered Date: **01/14/2014**
Document Name: **Criminal Assignment Notice**

---

This is an electronic case record. Full case information cannot be made available either because of legal restrictions on access to case records found in Maryland rules 16-1001 through 16-1011, or because of the practical difficulties inherent in reducing a case record into an electronic format.